UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 FEB 20  P 12: 00

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| CUSTOM SPORTS APPAREL, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | NO. 301CV421 (AWT) |
| ) | |
| SQUIRES HIGHTECH CORPORATION ) | |
| and WILLIAM SQUIRES, JR., ) | |
| individually and as an officer of ) | |
| Squires Hightech Corporation, ) | |
| ) | |
| Defendants. ) | Dated: February 19, 2004 |
| ) | |

## MOTION FOR PROTECTIVE ORDER

Defendants' attorneys certify they have in good faith conferred with the Plaintiff's attorneys to resolve the dispute without Court action (see Exhbits B and C attached to the Declaration of Robert Hess). In further view that Plaintiff's corporate charter is revoked, it is believed that Defendants have good cause for the Court to make an order to protect William Squires, Sr., William Squires, Jr. and Donald Smith from annoyance, embarrassment, oppression or undue burden or expense pursuant to Rule 26(c) for any one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the Plaintiff who is seeking discovery;

(3) that the discovery may be had only by a method of discovery other than that selected by the Plaintiff who is seeking discovery;

(4) that certain matters not be inquired into, or that the scope of disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way.

The Defendants ask the Court for a protective order denying Plaintiff of further disclosure or discovery through deposition of William Squires, Sr. or William Squires, Jr. The reason is because Plaintiffs previously took their depositions.

If the disclosure or discovery is to proceed pursuant to the Subpoenas, the Defendants ask the Court for a protective order that limits disclosure or discovery to the corporate finances and corporate assets of Defendant Squires Hightech and not to any personal finances or assets of any current or former officer, director, shareholder, agent, or employee of Squires Hightech. The reason for this is because the judgment award in this litigation is against Defendant Squires Hightech only, not against any of its officers, directors, shareholders, agents or employees of Squires Hightech. Further, Defendants ask for a Court Order to preclude any inquiries that are of a personal nature to the deponents.

If the disclosure or discovery is to proceed pursuant to the Subpoenas, the Defendants ask the Court for a protective order that denies Plaintiff any document

production it seeks for the depositions in view that the Subpoenas gave Defendants less than 30 days to produce certain documents at their depositions.

The documents that the Plaintiff seeks are financial in nature and therefore confidential so that the Defendants ask the Court for a protective order that prevents Plaintiff from revealing them and that only persons designated by the Court be permitted access to them.

If document production or inspection is to proceed pursuant to the Subpoenas, the Defendants ask the Court to restrict document production and inspection to corporate financial records and books only of Squires Hightech. That is, the deponents are not required to produce or make available for inspection personal financial documents including their own personal tax returns

WHEREFORE, Defendants pray that this Motion be granted.

Respectfully submitted,

Defendant's attorneys for
SQUIRES HIGHTECH CORPORATION
and WILLIAM T. SQUIRES

Dated: February 19, 2004    By: _____

Peter T. Cobrin, Esq.
Robert J. Hess, Esq.
Clyde A. Shuman, Esq.
Oren J. Warshavsky, Esq.
GIBBONS, DEL DEO, DOLAN, GRIFFINGER
& VECCHIONE
One Pennsylvania Plaza
New York, New York 10119-3701
Phone:  (212) 647-4900
Fax:     (212) 333-5980

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CUSTOM SPORTS APPAREL, INC., )<br>)<br>Plaintiff,                    )<br>)<br>)<br>)<br>SQUIRES HIGHTECH CORPORATION )<br>and WILLIAM SQUIRES, JR.,        )<br>individually and as an officer of  )<br>Squires Hightech Corporation,    )<br>)<br>Defendants.                 )<br>) | CIVIL ACTION<br>NO. 301CV421 (AWT)<br><br><br><br><br><br>Dated: February 19, 2004 |

**ORDER GRANTING MOTION FOR DEFENDANTS' PROTECTIVE ORDER**

On Defendants' motion duly noticed, and having considered supporting papers submitted in support of Defendants' motion, and the Court having considered timely opposition thereto, and good cause having been shown for relief from annoyance, embarrassment, oppression or undue burden or expense, Defendant's motion for a Protective Order is granted with respect to the captioned civil action.

    Ordered that one or more of the following:

(1) that the disclosure or discovery not be had;

    The disclosure or discovery as scheduled in the Subpoenas is not to occur.

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place.

The scheduling of depositions may occur, but at a convenient date and time to the deponents and at a place mutually agreed to by the parties.

(3) that the discovery may be had only by a method of discovery other than that selected by the Plaintiff who is seeking discovery;

Defendants are relieved from document production for the depositions scheduled in the Subpoenas should they go forward on the scheduled date and times.

Defendants need only make available for inspection the documents that Plaintiff seeks at a location where such documents are normally kept without burdening Defendants to bring such documents to where their depositions are to be conducted.

(4) that certain matters not be inquired into, or that the scope of disclosure or discovery be limited to certain matters;

Disclosure or discovery is limited to inquiries of the corporate finances and corporate assets of Defendant Squires Hightech and not to any personal finances or assets or to any past or former officer, director, shareholder, agent, or employee of Squires Hightech. Specifically, no disclosure or discovery is permitted of the personal finances or assets of William Squires, Sr, William Squires, Jr. and Donald Smith or that are of a personal nature to any of them. There will be no discovery of personal tax returns.

(5) that discovery be conducted with no one present except persons designated by the Court.;

Access to the documents that Plaintiff seeks will only be to persons designated by the Court

(6) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way.

Since Plaintiff seeks documents from Defendants that relate to corporate finances, such documents are confidential in nature so that the contents of any such documents are to be kept confidential and not be revealed.

So ordered

Dated:                                    _____
                                          U.S.D.J.