UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 FEB 20  P 12: 00

| | |
|---|---|
| CUSTOM SPORTS APPAREL, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | NO. 301CV421 (AWT) |
| ) | |
| ) | |
| SQUIRES HIGHTECH CORPORATION ) | |
| and WILLIAM SQUIRES, JR., ) | |
| individually and as an officer of ) | |
| Squires Hightech Corporation, ) | |
| ) | |
| Defendants. ) | Dated: February 19, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO QUASH SUBPOENAS SERVED ON DEFENDANTS AND IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Daniel Benjamin (Fed. Bar No. CT07512)
BENJAMIN & GOLD P.C.
350 Bedford Street
Stamford, CT 06901
Phone: (203) 425-8500

Peter T. Cobrin, Esq. (Fed. Bar No. CT22550)
Robert J. Hess, Esq. (Fed. Bar No. CT22577)
Oren J. Warshavsky, Esq. (Fed. Bar No. CT22551)
Clyde A. Shuman, Esq. (Fed. Bar No. CT22552)
GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE
One Pennsylvania Plaza, 37th floor
New York, New York 10119-3701
Phone: (212) 649-4700
Fax: (212) 333-5980

- 2 -

## I. INTRODUCTION

The Defendants, Squires Hightech Corporation and William Squires, Jr. (collectively, "Squires") submit this Memorandum of Law in Support of their Motion To Dismiss for Lack of Subject Matter Jurisdiction.

## II. STATEMENT OF PROCEDURAL FACTS.

The Plaintiff, Custom Sports Apparel Inc. ("CSA"), was an Arkansas corporation at the time of commencement of the present civil action.

Plaintiff deposed William Squires, Sr. in this litigation for one day of seven hours on May 16, 2001. Plaintiff deposed William Squires, Jr. in this litigation for one day of seven hours on May 17, 2001.

The present civil action was closed, without prejudice, by order of the Hon. Alvin W. Thompson on September 14, 2001, subject to reopening by appropriate motion. By that Order, the parties were remanded to proceed to arbitration in Arkansas .

**On December 31, 2001, CSA's corporate charter of was revoked by the Arkansas Secretary of State .**

On May 31, 2002, Hon. Alvin W. Thompson issued an Order denying as moot CSA's Motion to vacate the stay, or in the Alternative, for an order mandating Arbitration, finding, *inter alia* that "the parties have agreed to proceed to arbitration commencing July 29, 2002".

On June 21, 2002, CSA filed a Motion for Disclosure of Assets and filed an Application for prejudgment remedy against Squires.

Sometime after June 21, 2002, CSA's corporate charter was reinstated.

**On December 31, 2003, CSA's corporate charter was again revoked by the Arkansas Secretary of State.** (attached here as Exhibit F)

By Subpoenas dated January 29, 2004 (attached here as Exhibit A), CSA served Subpoenas on Squires' counsel commanding the appearance of William Squires, Sr. and Donald Smith for the taking of further deposition testimony. This was followed by Subpoenas dated February 11, 2004 (also attached here as Exhibit A) on Squires' counsel commanding the appearance of William Squires, Sr., Donald Smith and William Squires, Jr. These latter subpoenas, which were received on February 17, 2004, command that the aforementioned individuals appear for depositions on February 24, 2004 (for William Squires, Sr. and Donald Smith) and on February 25, 2004 (for William Squires, Jr).

By letter of February 11, 2004 (attached here as Exhibit B), Squires' counsel accepted service of the Subpoena for Williams Squires, Sr., but declined to accept with service with respect to Donald Smith .

On February 12, 2004, Squires' counsel received a faxed letter from CSA's attorneys (attached here as Exhibit C) requesting that Squires stipulate to conduct further depositions. Squires' attorneys advised CSA's attorneys by telephone call on February 17, 2004 that Squires would not so stipulate and that Squires authorized the filing of the motion to quash the subpoenas. CSA's attorneys advised that the Subpoenas would not be withdrawn and that any Motion filed to Quash the Subpoenas would be opposed.

On February 17 and 18, 2004, CSA's and Squires' counsel exchanged correspondence (attached here as Exhibits D and E). Squires' counsel once again asked that the Subpoenas be withdrawn.

## II. ARGUMENT AND AUTHORITIES

### CSA HAS NO CAPACITY TO MAINTAIN THIS ACTION

It is well settled under Arkansas law that a corporation not in existence may not initiate a lawsuit. CSA's existence is solely a function of Arkansas law. Following the revocation of the corporate charter, under Arkansas law, CSA lost its legal capacity to bring a civil action. (*see HRR Arkansas, Inc. v. River City Contractors, Inc.*, 350 Ark. 420, 87 S.W.3d 232, 147 Lab.Cas.

P 59,655 (Ark., Oct 24, 2002) (NO. 01-598)). As early as 1793, the U.S. Supreme Court has held that "[a] case or controversy ... implies the existence, of present or possible adverse parties whose contentions are submitted to the court for adjudication." *Muskrat v. United States*, 219 U.S. 346 (1911), *citing Chisholm v. Georgia*, 2 US. 419 (1793)). As a result, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244 at 246 (1971) (*citing Local No. 8-6, Oil, Chemical and Atomic Workers Int'l Union v. Missouri*, 361 U.S. 363, 367 (1960).

CSA has no capacity to sue in furtherance of a civil action because its corporate charter was revoked. (attached here as Exhibit F). The Subpoenas (attached here as Exhibit A) that were served on Squires' counsel warrant quashing on this basis alone. Even if CSA were to reinstate its corporate charter, such does not reinstate the Subpoenas, which were served at a time when its corporate charter was revoked.

## PLAINTIFF HAS ALREADY DEPOSED WILLIAM SQUIRES, SR. AND WILLIAM SQUIRES, JR. FOR ONE DAY OF SEVEN HOURS.

CSA previously deposed William Squires, Sr. and William Squires, Jr. each for one day of seven hours, respectively, on May 16, 2001 and May 17, 2001. (See Declaration of Robert J. Hess items 2 and 3). CSA's Subpoenas to William Squires, Sr. and William Squires, Jr. were served on Squires' counsel without authorization by the Court and without stipulation by the Defendants for the taking of such additional testimony and are thus run afoul of the Federal Rules of Civil Procedure.

Federal Rules of Civil Procedure 30(d)(2) provides:

Federal Rules of Civil Procedure 30(d)(2) provides:

> Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours.

Because CSA's Subpoenas mean that the depositions of William Squires, Sr. and William Squires, Jr., go above and beyond the 7 hours already taken were not "otherwise authorized by the court or stipulated by the parties", the Subpoenas should be quashed.

## FEDERAL RULES OF CIVIL PROCEDURE RULE 45 (c) REQUIRES PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

Rule 45(c) provides:

A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

Here, it was unreasonable for CSA's attorneys to issue and serve subpoenas where CSA had no capacity to sue, i.e., where the CSA's corporate charter was revoked. This is the second time that CSA's attorneys conducted themselves by filing litigations papers after the CSA's corporate charter was revoked. It is further unreasonable for the CSA's attorneys to refuse to withdraw the Subpoenas after being reminded repeatedly that service of them ran afoul of Rule 30(d)(2) (see attached Exhibits B and E).

Under Rule 45 (c)(3)(A), the court can quash or modify the subpoena if it (i)fails to allow reasonable time for compliance, (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.
Here, the subpoenas clearly call for the production of personal and corporate financial documents that are confidential and thus constitute protected matter. It is not reasonable for the deponents to gather all this information together either for inspection or for production in the short 13-14 day period between the date of the subpoenas (February 11, 2004) and the date scheduled for taking of depositions (February 24 or 25, 2004).

## RULE 26(c) PROVIDES THE BASIS FOR THE PROTECTIVE ORDER SOUGHT.

Neither disclosure nor discovery is warranted because CSA's corporate charter is revoked. The scope of the Subpoenas are unduly broad, seeking personal financial information of the corporate officers including their personal tax returns, even though the judgment entered is only against the corporation Squires Hightech, as opposed to any of its directors, shareholders, officers, agents or employees. Indeed, one such officer, William Squires, Jr., was sued personally and yet no judgment is entered as against him. Since all the financial books and documents of Squires Hightech are by their very nature confidential, a protective order is needed to restrict access to persons designated by the Court and they need to be kept confidential. Producing all the requested financial books and records is an undue burden. While allowing for inspection may be possible with sufficient time, the copying of such confidential information without a protective order in place is an undue burden.

## III. CONCLUSION

CSA is not in existence as a corporation under Arkansas law at the time the Subpoenas were served on Squires' counsel. That is, CSA's corporate charter was revoked. Even a subsequent reinstatement of CSA's corporate charter would not retroactively restore or otherwise vest the CSA with a continuous existence. Further, the Subpoenas that command that William Squires, Sr. and William Squires, Jr. appear for the taking of their deposition warrant being quashed, because both William Squires, Sr. and William Squires, Jr. previously have been deposed each for one day of seven hours.

Respectfully submitted,

Defendant's attorneys for
SQUIRES HIGHTECH CORPORATION
and WILLIAM T. SQUIRES

Dated: February 19, 2004
New York, New York

By: _____

Peter T. Cobrin, Esq. (Fed. Bar CT22550)
Robert J. Hess, Esq. (Fed. Bar CT22577)
Clyde A. Shuman, Esq. (Fed. Bar CT22551)
Oren J. Warshavsky, Esq. Fed. Bar CT22552)
GIBBONS, DEL DEO, DOLAN, GRIFFINGER
& VECCHIONE
One Pennsylvania Plaza, 37th floor
New York, New York 10119-3701
Phone: (212) 649-4700
Fax:    (212) 333-5980