UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CUSTOM SPORTS APPAREL, INC., | : | CIVIL ACTION |
| | : | 3:01CV00421(AWT) |
| Plaintiff | : | |
| v. | : | |
| SQUIRES HIGHTECH, ET AL. | : | |
| Defendant. | : | FEBRUARY 23, 2004 |

**MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS' MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER**

**I.    INTRODUCTION**

The Plaintiff, Custom Sports Apparel, Inc., submits this Memorandum of Law in Support of Its Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Motion to Quash the Subpoenas Served and Motion for Protective Order.

**II.   STATEMENT OF PROCEDURAL FACTS**

Judgment was awarded against the Defendants in this action on April 15, 2003. Post-Judgment Interrogatories were served on the Defendants on December 9, 2003. See Declaration of Brian D. Rich, ¶2.  Defendants have failed to respond to the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

information sought in the interrogatories or to make any payments on this judgment. Rich Decl., ¶3.

After serving subpoenas on Squires' counsel and unsuccessfully attempting to locate the deponents in issue, the parties exchanged a series of correspondence whereby the Plaintiff sought an agreement which would have had allowed the depositions to proceed without court intervention. See Hess Decl., Exh. C, D, E; Rich Decl., Exh. B. Defendants declined any agreement and served this Motion to Quash and Motion for Protective Order on February 20, 2004.

## II.   ARGUMENT AND AUTHORITIES

### A.   **<u>CSA CONTINUES TO POSSESS CAPACITY TO MAINTAIN THIS ACTION AND THE DEFENDANTS' MOTION TO DISMISS BASED ON LACK OF SUBJECT MATTER JURISDICTION IS FRIVOLOUS.</u>**

The Defendants included in their brief a two paragraph discussion concerning CSA's alleged lack of capacity to maintain this action. First, the corporation was reinstated automatically on February 23, 2004. Rich Decl., ¶ 12. Second, the Defendants are incorrect in their legal analysis.

It should be noted that this issue was raised by the Defendants previously. At that time, the Plaintiff offered the authority below and indicated its interpretation that the revocation of the corporate charter did not affect its ability to maintain this action. In

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

light of that fact, it is curious, at best, that the Defendants would raise this frivolous argument again without citing any new authority or challenging the previous court order.

Although they have adequately demonstrated that "a corporation not in existence may not initiate a lawsuit" and that CSA may have (temporarily, until its reinstatement on February 23, 2004) lost its capacity to "bring a civil action," under Arkansas law, they have provided no authority to indicate that CSA has lost its authority to maintain the action already pending.  Furthermore, under the Arkansas Code, the reinstatement of a corporate charter "<u>shall be retroactive to the time that the corporation's authority to do business in the state was declared forfeited</u>."  Ark. Code Ann. §26-54-112(a)(1)(A) (emphasis added).

Nor does the case law from Arkansas support such an interpretation of Arkansas law as offered by Defendant.  Indeed, in the *only* Arkansas case cited by the Defendant, the court explicitly limited the face of its ruling to a corporation's ability to bring suit *after* the revocation.  See *HRR Arkansas, Inc. v. River City Contractors, Inc.*, 87 S.W.3d 232, 236 (Ark. 2002)[1] (emphasis added).  The Defendants' argument is so weak that the Plaintiff requests the Court to consider sanctions.

An examination of further law within the jurisdiction of Arkansas leads one to a similar conclusion.  See *In re Chequnet Systems*, 246 B.R. 873, 879 (holding that

---

[1] The court noted that a corporation not in existence could not *initiate* a lawsuit.  Id., citing *Sulphur Springs Recreational Park, Inc. v. City of Camden,* 247 Ark. 713, 447 S.W.2d 844 (1969)(A suit must be initiated by a person, natural or artificial). *Fausett & Co. v. Bogard,* 285 Ark. 124, 685 S.W.2d 153 (1985)(holding that law provides that a corporation cannot file a complaint in court after it ceases to exist legally.  Id., citing *Committee for Utility Trimming, Inc. v. Hamilton,* 290 Ark. 283, 718 S.W.2d 933 (1986).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

corporation not in existence at time of lawsuit may not initiate a lawsuit); *Calandro v. Parkerson*, 327 Ark. 131, 136 (1997), *Schmidt v. McIlroy Bank & Trust*, 306 Ark. 28, 33 (1991)(holding that effect of revocation was that corporation lost its capacity to sue). The Arkansas Code is unequivocal in stating that revocation is retroactive, but that does not even apply to the situation at bar, since the Plaintiff is not seeking to initiate a new action, but simply to maintain the existing one.

**B.  THE DEPOSITIONS SOUGHT ARE FOR THE PURPOSE OF DISCOVERY INTO THE DEFENDANTS' ASSETS; THIS IS A DIFFERENT PURPOSE THAN THE PREVIOUS DEPOSITION TESTIMONY RELATING TO THE LIABILITY ISSUES IN THIS CASE.**

William Squires, Sr. and William Squires, Jr. were previously deposed in the underlying action involving liability.  They have never been deposed with regard to the Defendants' assets or its ability to pay the judgment.  As such, Plaintiff is entitled to examine the individuals listed for the purpose of discovery into these new and different matters.

It is undisputed that the scope of testimony upon which the Plaintiff seeks to depose these individuals is different from that which was obtained in the underlying action.  Clearly, this is an entirely new area of inquiry.  The issue of liability, and the previous deposition testimony, is therefore moot.  What remains relevant is only the Defendants' ability to pay the judgment.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Interestingly, the Defendants have offered no explanation, other than a vague reference in correspondence to the undersigned, as to its reasons for failing to produce Donald Smith, pursuant to its obligations under the subpoena. See Hess Decl., Exh. B. The Defendants have failed to move to quash this subpoena or otherwise offer proof as to why it cannot produce Mr. Smith. As such, the Defendants are in violation of their obligation to produce Mr. Smith pursuant to the subpoena.

### C. IN THE ALTERNATIVE TO DENYING DEFENDANTS' MOTION TO QUASH THE SUBPOENAS, PLAINTIFF REQUESTS PERMISSION TO EXTEND THE LENGTH OF TIME FOR THESE DEPOSITIONS, OR FOR AN EXAMINATION OF THE JUDGEMENT DEBTOR

Plaintiff believed, and continues to believe, that it was in the best interest of all parties to stipulate to these depositions and, as the Declaration of Brian D. Rich attached herewith demonstrates, attempted in good faith to secure such a stipulation. Rich Decl., ¶10. Notwithstanding, it appears that resolution of this matter without court intervention has become impossible. As such, should the Court decide to grant Defendants' Motion to Quash, the Plaintiff requests the Court for either permission for extension of time to conduct these depositions, or that a full examination of the judgment debtor be ordered by the Court.

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

1. **The Court Is Empowered to Grant Permission to Extend the Length of Time to Conduct these Depositions Pursuant to Federal Rule of Civil Procedure 30(d)(2).**

Fed. R. Civ. P. 30(d)(2) provides that "a deposition is limited to one day of seven hours" unless "additional time consistent with Rule 26(b)(2) [is] needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." *New Colt Holding Corp. v. RJG Holdings of Florida, Inc.*, 2003 WL 22326978, *1 (D.Conn., 2003). There is no dispute that the ability to question these deponents with regard to the assets of the Defendants lies separate and apart from their testimony in the underlying case relating purely to questions of liability. Given the fact that the action has now been appealed and judgment has been awarded, the Plaintiff is within its rights in seeking further information as to the Defendants' potential to pay the judgment. As such, the Plaintiff requests permission for more examination time to obtain the testimony of these individuals.

2. **In the Absence of Granting Additional Time to Examine the Deponents, the Plaintiff Requests that an Examination of the Judgment Debtor be Ordered by the Court.**

Federal Rule of Civil Procedure 69(a) provides in pertinent part:

"In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

discovery from any person, including the judgment debtor and the manner provided in these rules or in the manner provided by the practice of the State in which the District Court is held."

Rule 69(a) has been held to incorporate "the full panoply of federal discovery measures...including production of documents under Rule 34." *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559 (S.D.N.Y. 1977).

Discovery of a judgment debtor's assets is conducted routinely under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 69 (a).  See also *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 99 F.2d 314, 317(8th Cir. 1993).  "The remedies of a judgment creditor include the ability to question the judgment debtor about the nature and location of assets that might satisfy the judgment." *Minpeco v. Hunt*, 1989 WL 5774, *1 (S.D.N.Y. 1989); ("*National Service Industries, Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982).  Furthermore, "a judgment creditor is entitled to discover the identity and location of any of the judgment debtor's assets wherever located." *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974).  Thus, under Rule 69 (a), the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor.

As such, barring the Court's denial of the Defendants' Motion to Quash, the Plaintiff requests for an examination of the judgment debtor based on the fact that the Defendant was served with Post Judgment Interrogatories on December 9, 2003 and has continually failed to respond.  Rich Decl., ¶¶ 2, 3.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**D.  Defendants' Motion for a Protective Order is without Merit and Should be Denied**

If the Defendants claim their records are confidential there are remedies available which have as yet not been properly raised.  The Defendants cannot, however, merely claim documents are confidential because they say so.

Further, while Defendant argues that the judgment in this case is against only Squires Hightech, there is sufficient legal authority to support the proposition that corporate officers may be examined with regard to their *personal* assets if the situation warrants it.  Notwithstanding the fact that both Mr. Squires Sr. and Jr. are capable of answering questions relating to the assets of the debtor corporation's assets, there may be cause to believe that these and other officers may have knowledge of where such assets of the now defunct corporation have gone.  After all, they took this company from a fairly successful company to one with few assets in a year and a half.  In *Andrews*, the Court specifically ordered post judgment discovery of the wife of a judgment debtor, including her income, expenses, assets and liabilities on the basis that discovery was permissible from her regarding "all matters relevant to the plaintiff's right of execution upon" the judgment.  *Andrews v. Holloway*, 2003 WL 22227855, *6 (D. N.J. 2003).

In addition, another Court permitted discovery into the personal assets of a corporate officer based on the corporate officer's close link to the judgment debtor

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

corporation, finding that the relationship was "sufficient to raise a reasonable doubt about the bona fides of [any] transfer of assets between them." *Credit Lyonnais, S.A. v. SCG International, Inc.*, 160 F.3d 428 (8th Cir. 1998); citing *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 562 (S.D.N.Y. 1977).

The relationship between both Squires and the corporation is very close. This is a family corporation and was always closely held. As officers of the corporation, and with the corporation now defunct, these individuals should be the starting place for any discovery into what happened to the corporate assets. Based on the authority cited and the evidence presented, the Plaintiff would thus ask that this Court reject the Defendants' Motion for a Protective Order.

## **CONCLUSION**

The Defendants have requested quashing two subpoenas, William T. Squires, Sr. and William T. Squires, Jr., based on two principal arguments; 1) that the Plaintiff's charter was revoked; and 2) that each of these individuals has previously been deposed for 7 hours. Both arguments have been disproven by the Plaintiff in that 1) the corporation was reinstated on February 23, 2004; 2) the revocation of the corporate charter is unambiguously immaterial to this dispute; and 3) even were the Defendants to have a valid objection under Rule 30(d)(2), the Plaintiff is within its rights to move the Court for permission to continue these depositions or to seek an Examination of the Judgment Debtor. As such, the Plaintiff requests that the Court deny the Defendants'

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Motion to Quash and Motion for Protective Order in their entirety, that the Court award the Plaintiff costs for the Defendants bringing these frivolous Motions, together with such other further relief as the Court may deem just and proper.

        Respectfully submitted,

        THE PLAINTIFF,
        CUSTOM SPORTS APPAREL, INC.

        By_____
          George D. Royster, Jr.
          Federal Bar #ct 04230
          Brian D. Rich
          Federal Bar #ct 24458
          HALLORAN & SAGE LLP
          One Goodwin Square
          225 Asylum Street
          Hartford, CT 06103
          Its Attorneys

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

This is to certify that on this 23rd day of February, 2004, a copy of the foregoing was sent via overnight mail to all counsel of record:

**Clyde A. Shuman, Esq.**
**Oren J. Warshavsky, Esq.**
**Peter T. Cobrin, Esq.**
**Robert J. Hess, Esq.**
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701

**Daniel A. Benjamin, Esq.**
Benjamin & Gold PC
350 Bedford Street, Suit 403
Stamford, CT 06901

George D. Royster

518284_1.DOC

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105