UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CUSTOM SPORTS APPAREL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> SQUIRES HIGHTECH CORPORATION ) <br> and WILLIAM SQUIRES, JR., ) <br> individually and as an officer of ) <br> Squires Hightech Corporation, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION <br> NO. 301CV421 (AWT) <br><br><br><br> Dated: February 23, 2004 |

**REPLY BRIEF TO PLAINTIFF'S OBJECTION TO MOTION TO WITHDRAW APPEARANCE AND INCORPORATED MEMORANDUM OF LAW**

Daniel Benjamin (Fed. Bar No. CT07512)
BENJAMIN & GOLD P.C.
350 Bedford Street
Stamford, CT 06901
Phone: (203) 425-8500

Peter T. Cobrin, Esq. (Fed. Bar No. CT22550)
Robert J. Hess, Esq. (Fed. Bar No. CT22577)
Oren J. Warshavsky, Esq. (Fed. Bar No. CT22551)
Clyde A. Shuman, Esq. (Fed. Bar No. CT22552)
GIBBONS, DEL DEO, DOLAN, GRIFFINGER & VECCHIONE
One Pennsylvania Plaza, 37th floor
New York, New York 10119-3701
Phone: (212) 649-4700
Fax: (212) 333-5980

## I. INTRODUCTION

The Defendant's New York attorneys, Peter T. Cobrin, Robert J. Hess, Clyde A. Shuman and Oren J. Warshavsky, filed a motion for withdrawal of appearances from further representation in this litigation on the basis of non-payment of legal fees due by the Defendants. An objection was filed February 18, 2004 purportedly on behalf of Custom Sports Apparel, Inc. (hereinafter "CSA") by Brian D. Rich of Halloran & Sage LLP.

## II. STATEMENT OF PROCEDURAL FACTS.

On December 31, 2003, CSA's corporate charter was revoked by the Arkansas Secretary of State (attached here as Exhibit A)

## II. ARGUMENT AND AUTHORITIES

## CSA HAS NO CAPACITY TO MAINTAIN THIS ACTION

It is well settled under Arkansas law that a corporation not in existence may not initiate a lawsuit. CSA's existence is solely a function of Arkansas law. Following the revocation of the corporate charter, under Arkansas law, CSA lost its legal capacity to bring a civil action. (*see HRR Arkansas, Inc. v. River City Contractors, Inc.,* 350 Ark. 420, 87 S.W.3d 232, 147 Lab.Cas. P 59,655 (Ark., Oct 24, 2002) (NO. 01-598)). As early as 1793, the U.S. Supreme Court has held that "[a] case or controversy ... implies the existence, of present or possible adverse parties whose contentions are submitted to the court for adjudication." *Muskrat v. United States*, 219 U.S. 346 (1911), *citing Chisholm v. Georgia*, 2 US. 419 (1793)). As a result, "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244 at 246 (1971) (*citing Local No. 8-6, Oil, Chemical and Atomic Workers Int'l Union v. Missouri*, 361 U.S. 363, 367 (1960).

CSA has no capacity to sue in furtherance of a civil action because its corporate charter was revoked. (attached here as Exhibit A). Therefore, the Plaintiff has no standing to file its objection to the motion to withdraw appearance and incorporated memorandum of law (of February 18, 2004).

## III. CONCLUSION

CSA is not in existence as a corporation under Arkansas law at the time of the Plaintiff filed its objection to motion to withdraw appearance and incorporated memorandum of law. That is, CSA's corporate charter was revoked. Even a subsequent reinstatement of CSA's corporate charter would not retroactively restore or otherwise vest the CSA with a continuous existence. Therefore, the Court should treat the Motion to Withdraw Appearance as being unopposed and completely disregard Plaintiff's objection that was filed.

Respectfully submitted,

Defendant's attorneys for
SQUIRES HIGHTECH CORPORATION
and WILLIAM T. SQUIRES

Dated: February 23, 2004
   New York, New York

By: /s/ Robert Hess

Peter T. Cobrin, Esq. (Fed. Bar CT22550)
Robert J. Hess, Esq. (Fed. Bar CT22577)
Clyde A. Shuman, Esq. (Fed. Bar CT22551)
Oren J. Warshavsky, Esq. Fed. Bar CT22552)
GIBBONS, DEL DEO, DOLAN, GRIFFINGER
& VECCHIONE
One Pennsylvania Plaza, 37th floor
New York, New York 10119-3701
Phone: (212) 649-4700
Fax:    (212) 333-5980